## HALL v. CLAYTON.

1. **Practice:** COSTS: COUNTER CLAIM. Where, in an action upon a promissory note, the defendant admitted liability thereon, but interposed a counter claim which was established, and, its amount being less than the amount claimed upon the note, judgment was rendered for plaintiff for the balance, it was *held* that the defendant was liable for the costs of the commencement of the action and of entering judgment, while plaintiff should pay all the costs incurred in the determination of the counter claim.

*Appeal from Butler Circuit Court.*

FRIDAY, MARCH 24.

THE agreed abstract shows the following facts: The plaintiff filed before a justice of the peace of Butler county, as

evidence of his claim against defendant, a promissory note executed by her, upon which there was due at the date of the judgment $18.12. Notice was issued and the return day was fixed on the 20th day of April, 1874. On that day the defendant appeared, admitted the claim upon the note, and offered to file a counter claim, in support of which she had three witnesses present to testify. The plaintiff being absent, the justice refused to file the paper offered, and, in order that plaintiff might be there, continued the case to the 23d day of April, 1874. On that day both parties and their attorneys appeared. Defendant admitted the claim upon the note, and filed the counter claim, before refused by the court, consisting of two items. The plaintiff, for reply, denied generally and pleaded the statute of limitations as to the first item. Upon the trial, which was by a jury, the defendant examined no witness upon the first item of counter claim, except the plaintiff, and the plaintiff examined no witness on that item. All the other witnesses were examined on the second item. The jury disagreed, and the case was set for trial July 8th, 1874.

On the 8th of July the defendant obtained a continuance, on account of absent witnesses, to July 17th, 1874. On that day the parties appeared, and the defendant withdrew the first item of her counter claim.

The trial being had on the second item, the jury returned the following verdict: "We  *  *  *  *  *  find for defendant, Rachael Clayton, the sum of ten dollars, as damages for the cutter, leaving a balance of eight dollars and twelve cents due Isaac Hall on the promissory note." * * *

The justice thereupon rendered judgment against defendant for eight dollars and twelve cents, and for all the costs in the action, amounting to fifty-seven dollars and sixty-five cents. The defendant filed a motion to retax costs, which was overruled, and the case was brought by writ of error to the Butler county Circuit Court. That court reversed the judgment of the justice, and ordered him to tax the fees of all of defendant's witnesses, examined on the second item of her counter claim, and also for the costs of the subpœnas for

Hall v. Clayton.

these witnesses to the plaintiff, and to tax all the other items of cost to the defendant.

From this order the defendant appeals. The judge trying the cause gave the necessary certificate for an appeal.

*H. C. Hemenway*, for the appellant.

*A. Converse*, for the appellee.

DAY, J.—The action of the court was erroneous. The Code, section 2933, provides that costs shall be recovered by the successful against the losing party. The defendant at all times admitted plaintiff's cause of action. The only costs for which she is liable, therefore, upon plaintiff's claim, are for the commencement and docketing of the suit; for serving the original notice, and for entering judgment. The trial was once continued at the instance of defendant, and the cost of this she must pay. These costs amount to two dollars and eighty cents. All the other costs were made upon the trial of defendant's cross action, and as to that she was successful. The abstract shows that no separate costs were made upon the first item of her claim, the only witness examined upon that being the plaintiff. The plaintiff must pay all the costs except two dollars and eighty cents, being fifty-four dollars and eighty-five cents. The cause is remanded for judgment in accordance with opinion.

REVERSED.