Judd & Co. v. Day Brothers.

AFFIRMED.

## JUDD & Co. v. DAY BROTHERS.

1. **Contract:** OFFER: VENDOR AND VENDEE. An offer to sell upon certain conditions with respect to price and warranty, unless otherwise specified or withdrawn, is to be deemed a continuing one for a reasonable time.

*Appeal from Winneshiek District Court.*

FRIDAY, DECEMBER 13.

ACTION on two accepted drafts. The answer alleged the drafts were given for certain shingles sold by plaintiffs to the defendants, which were warranted to be of *A* brand, or first quality; that the same were of an inferior quality, and by reason thereof the defendants are damaged in the sum of two hundred dollars, which they ask to have set off against plaintiffs' claim on the drafts. There was a reply denying the allegations of the answer, and a trial to the court. There was a finding that the defendants were entitled to eighty-nine dol-

lars and thirty-five cents, by reason of the matters alleged in the answer, and judgment was rendered for the plaintiffs for the amount due, after deducting the sum aforesaid, and also against the defendants for costs.   Both parties appeal.

*M. P. Hathaway*, for plaintiffs.

*Adams & Bullis*, for defendants.

SEEVERS, J.—I.   Counsel claim on the plaintiffs' appeal there are two questions for determination, which are—"*First*, 1. CONTRACT: was there a warranty shown by the admitted offer: vendor and vendee. facts?   and, *second*, was there a breach?"   To these only will our attention be directed.   As to the last proposition the evidence was conflicting; but we think the preponderance was with the defendants.   At least there was evidence to justify the finding.

As to the sale and warranty the material evidence is in writing, the business having been conducted by correspondence. The defendants wrote the plaintiffs as follows:

"DECORAH, IOWA, January 28, 1876.

"GENTS:   We wish to buy three hundred to five hundred thousand good *A* shingles, and will give our acceptance, ninety days, drawing ten per cent interest, for them, at two dollars and fifty cents per thousand, on cars in Milwaukee. We have been offered them at that price in Milwaukee, but we don't know the party, and would prefer to buy from you."

To this plaintiffs replied as follows:

"MILWAUKEE, January 31, 1876.

"GENTS:   Yours of 28th instant is at hand.   In reply we will sell you three to five hundred thousand *A* shingles on your terms, but will have to give you new shingles.   We cannot furnish *dry*, first-class *A* for less than two dollars and seventy-five cents.   Our new shingles are very good."

It is said that up to this point no contract of purchase and sale was entered into.   This, we think, must be conceded.

There was an offer but no acceptance. The offer, however, was in the nature of a continuing one, and stood good for at least a reasonable time, unless withdrawn. 1 Parsons on Contracts, 483. The offer made by the plaintiffs, in their letter of January 31, 1876, never was withdrawn.

Afterward the defendants wrote the plaintiffs as follows:

"DECORAH, IOWA, February 12, 1876.

"GENTS: Sanger, R. & Co. will be shipping some cars soon which will have about five thousand feet dry flooring in. You can put in as many of your best brand of green *A* shingles into each car as possible. * * * Also send one car of shingles here, half green and half dry * *."

And from time to time thereafter the defendants directed shingles to be shipped them. The shingles were billed at the prices named in the letter of January 31. If the plaintiffs did not intend to comply with the offer made in their letter they should have so notified the defendants upon the reception of the first or some of the subsequent orders. In the absence of their so doing the defendants had the right to understand they were getting the kind and quality of shingles at the price named in the letter aforesaid. Both parties, we think, must have so understood. As the shingles were of an inferior quality the defendants are entitled to such damages as they have sustained.

II. As to the defendants' appeal. The answer, in effect, pleaded a counter-claim, and the defendants moved the court to re-tax the costs, and that the costs incurred by reason of the issue on the counter-claim be taxed to the plaintiffs. This motion was overruled. It should have been sustained. *Hall v. Clayton*, 42 Iowa, 526.

On the plaintiffs' appeal the judgment below is affirmed, and on the defendants' appeal,

REVERSED.