McCLATCHEY v. FINLEY ET AL.

1. **Costs on Counter-claim:** EFFECT OF OFFER TO CONFESS JUDGMENT
   ON PETITION. Where the action was upon a promissory note, and the
   defendants pleaded a counter-claim, and afterwards offered to confess
   judgment for an amount less than was adjudged them upon the trial,
   and the trial involved only the issues raised by the counter-claim, which
   were found in defendants' favor, *held* that defendants were entitled to
   judgment for all costs made upon the trial of these issues, and that
   their insufficient offer to confess judgment was in no way connected with,
   and did not affect, this right.

*Appeal from Dallas Circuit Court.*

THURSDAY, DECEMBER 6.

UPON the issues joined, the plaintiff recovered a judgment;
but the defendants filed a motion to tax certain costs to the
plaintiff, which was overruled, and defendants appeal.

*Cardell & Shortley;* for appellants.

*H. A. Hoyt,* for appellee.

SEEVERS, J.—The action was on a promissory note, the ex-
ecution of which was admitted in the answer. The defend-
ants pleaded a partial failure of consideration, and also a
counter-claim. Just prior to commencing the trial, the defend-
ants offered to confess judgment for $125, which the plaintiff
refused to accept. The jury found for the plaintiff in the sum of
$131.15, but the issues as to the failure of consideration and
counter-claim were found in favor of the defendants. There-
upon the defendants moved the court to tax certain costs to
the plaintiff, which was overruled, and the following question
has been certified upon which the opinion of the supreme
court is desired: "Whether in an action wherein the plaint-
iff sues on a promissory note, the execution of which defend-
ants admit in their answer, and plead two separate counter-

claims, to which plaintiff replied, denying the same, but on which the defendants were successful, and defendants before the trial made an offer to allow judgment to be rendered against them in favor of the plaintiff for an amount less than was found due the plaintiff by the jury, which offer plaintiff refused to accept, did the defendants by making said offer waive their right to have the costs of the trial of the issues joined on said counter-claim taxed to the plaintiff?"

If no offer to confess judgment had been made, the costs incurred on the issues found in favor of the defendants should have been taxed to the plaintiff. Code, § 2933. *Hall v. Clayton*, 42 Iowa, 526; *Judd & Co. v. Day Brothers*, 50 Id., 249. The circuit court seems to have been of this opinion, but concluded that the defendants, by making the offer to confess judgment, waived their right to costs, no matter what the jury might find as to the issues involved, if the offer to confess was insufficient in amount.

We do not think this is so. If the offer to confess judgment was sufficient in amount, then the defendants were entitled to costs, no matter whether the issues were found in their favor or not. But, as the offer was insufficient, it has no effect on the question of costs. As, however, the issues were found in favor of defendants, they are entitled to costs, on the ground that they were successful as to the only matters litigated in the determination of which the costs were incurred.

The offer to confess judgment, as it affects costs, and the determination of the issues affecting the same thing, are two independant matters, which have no connection with each other, and the right to costs under one has no bearing on such right under the other.

As we understand the question certified, it must be answered in the negative; that is, nothing was waived by the offer to confess.

REVERSED.