Peck & Buss v. Bonebright.

## PECK & BUSS v. BONEBRIGHT.

1. **Replevin :** OF PROPERTY SOLD BUT NOT PAID FOR : VERDICT AND JUDGMENT.  Plaintiffs sold to defendant, on trial as they alleged, certain property, taking his notes for three hundred dollars, the purchase price, but no part thereof was paid. In an action to replevy the property, there was a general verdict for defendant. *Held* that it was properly set aside, because it did not determine the value of defendant's interest in the property, and no just judgment could be rendered thereon.

2. ———— : OF PROPERTY SOLD ON TRIAL AND NOT PAID FOR : DEMAND. One who sells property on trial, taking promissory notes for the purchase price, with the understanding that there is to be no completed sale until payment is made, may, upon a failure to pay the notes, maintain replevin for the property without a previous demand.

*Appeal from Hamilton District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, SEPTEMBER 7, 1888.

THIS is an action of replevin to recover a well-auger and a horse-power. The plaintiffs claimed to be the absolute owners of the property. The defendant, by his answer, claimed to be the owner by purchase from the plaintiffs. There was a trial by jury, which resulted in a verdict for the defendant. A motion for a new trial was sustained. From the order granting a new trial the defendant appeals.

*Chase & Chase*, for appellant.

*Martin & Wambach*, for appellees.

ROTHROCK, J.—It appears from the evidence in the case that the plaintiffs are manufacturers of well-augers, at Storm Lake. On the twenty-seventh of August, 1884, they agreed to sell the defendant an auger for three hundred and eighty dollars. He was to pay fifty dollars in cash, and to give his promissory notes for the balance of the purchase money. The fifty-dollar cash payment was not paid, but a note was taken therefor, due in ten days. The auger was shipped to defendant at Webster City. He never at any time paid any of the purchase price of the property. The notes were, by agreement of the parties, deposited with one Eastman, the cashier of a bank at Webster City. An arrangement was made with one Smith by which he was to pay the notes for the defendant, but no payment was made. The plaintiffs claim that the auger was taken by the defendant on trial, and that no sale was to be concluded until the cash payment should be made. This action was commenced in about a month after the auger was shipped to the defendant. The property was seized upon the writ of replevin, and delivered to the plaintiffs, and they afterwards sold it to other parties. The jury found generally for the defendant.

One ground upon which a new trial was granted was that the court could not, on the verdict as returned, assess the value of defendant's interest in the property. We think the motion was properly sustained on this ground. If the court had entered judgment upon the verdict it must have been for the full value of the property, which was admitted to be three hundred dollars. This would have been a most unjust judgment. It would have compelled the plaintiffs to pay the defendant three hundred dollars, and then to take up the notes from the bank, and attempt to collect them of the defendant. If these notes had been collectible, there would in all probability have been no litigation growing out of the sale.

Another ground upon which the court sustained the motion was for error in giving the fourth paragraph of the charge to the jury. This part of the charge was

based upon the plaintiffs' theory that the auger was taken upon trial, and that there was to be no completed sale until the money was paid by Smith. The court directed the jury that, if the money was not paid, and defendant was in default, it was nevertheless the duty of the plaintiffs to make a demand before bringing suit. This was manifestly erroneous.

AFFIRMED.

ROBINSON, J., having been of counsel, took no part in the decision of this case.