R. M. & A. M. HARVEY, Appellants, v. PINKERTON & WILSON, *et al.*

Costs: REPLEVIN. Plaintiff, in replevin to recover possession of property from defendant holding the same under a chattel mortgage to secure several notes alleged to be without consideration because of fraudulent representations by defendants as to the value of property for the purchase price of which the notes were given, is properly taxed with all the costs, where something is found due on each note, although defendants are allowed only about half the amount of the notes, because of fraudulent representations by them.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

MONDAY, FEBRUARY 8, 1897.

APPEAL by the plaintiffs from an order of the district court, overruling a motion to apportion costs.—*Affirmed.*

*Shortley & Harpel* for appellants.

*Edmund Nichols* for appellees.

ROBINSON, J.—The question we are required to determine is stated in the certificate of the trial judge as follows: "Where, as in this case, the plaintiffs brought their action in replevin to recover the possession of the property in controversy from the defendants, who held the property, at the commencement of the suit, under a chattel mortgage executed by the plaintiffs to the defendants to secure the payment of about three thousand dollars, evidenced by notes, being part of the purchase price for the property in controversy, in which action the plaintiffs, while admitting the execution of the notes, pleaded that said notes were invalid and without consideration, on account of false and fraudulent representations made by the defendants to the plaintiffs, inducing them to purchase said property, and that there was nothing due on said notes, by reason of the damage sustained by plaintiffs on account of such false and fraudulent representations touching the character and value of the property, to which allegations of fraud, and damages on account thereof, the defendants answered, denying the same, and pleaded that the full amount of said notes secured by the mortgage, as appeared on the face thereof, was due, and made no offer of reduction thereon, by reason of the alleged fraudulent misrepresentations and damages resulting therefrom; that the jury found in favor of the plaintiffs on said issues of fraud, and allowed them damages by reason thereof, reducing defendants' claim to one thousand four hundred and fifty dollars, and returned a verdict for the defendants for the possession of the property in controversy, and found the extent of their actual interest therein to be the said sum of one thousand four hundred and fifty dollars,—should the costs made, upon the trial of the issues of fraud and consequent damage, be taxed to the

defendants? If so, plaintiffs' motion to tax costs should be sustained, otherwise, overruled."

In an ordinary action for the recovery of specific personal property, or, as it is commonly called, an "action of replevin," the question of chief importance to be determined is, which party is entitled to the possession of the property. The person entitled to it, may recover it, even from the owner. Code, section 3225; *McCoy v. Cadle*, 4 Iowa, 558. Incidentally, the damages caused by its wrongful detention may be ascertained, and sometimes other questions may be inquired into and settled. *McIntire v. Eastman*, 76 Iowa, 455 (41 N. W. Rep. 162). But such questions are subsidiary to the chief one, and the plaintiff will be entitled to recover upon proving that he is entitled to the immediate possession of the property. The facts stated in the certificate presented to us do not show that this case is any exception to the general rule. The plaintiffs claimed the right to possess the property, and, admitting that the defendants held possession of it under a chattel mortgage which was given to secure the payment of notes to the amount of about three thousand dollars, contended that the mortgage did not give to the defendants the right of possession, because there was no consideration for the notes. To enable the plaintiffs to succeed, it was necessary for them to show that there was no consideration for the notes, or that it had wholly failed. Proof of a partial want, or failure, of consideration was not sufficient, for, if anything was due on the notes, the defendants were entitled to the possession of the property. If the plaintiffs had secured possession of the property by means of the writ of replevin,—and we assume that they did so,—it was required that the judgment determine the value of the right of the defendants to the property. Code, section 3239. Hence it

was necessary for the jury to ascertain the amount
due on the notes which the mortgage was given
to secure. *Peck v. Bonebright*, 75 Iowa, 98 (39
N. W. Rep. 213). The jury found that the amount
due was only about one-half of that claimed by the
defendants, but it does not appear that any particular
note was found to be without consideration; hence the
effect of the finding was that there was due on each
note about one-half of the amount for which it was
given. In other words, it was found that each note
was valid, but that the amount due thereon was less,
by about one-half, than that claimed by the defend-
ants. In view of the fact that it was the duty of the
jury to ascertain what, if anything, was due on each
note, it may be that it would have been a proper case
for the apportionment of costs, had one or more of the
notes been found to be without consideration, or to
have been paid in full. See Code, sections 2933, 2934;
*Boone County v. Wilson*, 41 Iowa, 70; *McClatchey v. Fin-
ley*, 62 Iowa, 200 (17 N. W. Rep. 469); *Gravel v. Clough*,
81 Iowa, 276 (46 N. W. Rep. 1092). But the matter of
apportioning costs is largely within the discretion of
the trial court. *Boone County v. Wilson, supra*; *Bush
v. Yeoman*, 30 Iowa, 479. And since the plaintiffs
claimed that there was no consideration for any of the
notes, or that it had wholly failed, while the jury
found, in effect, that something was recoverable on
each one, we are of the opinion that all the costs were
properly taxed to the plaintiffs. *Upson v. Fuller*, 43
Iowa, 409. They had not tendered anything on the
notes, and therefore were not entitled to apportion-
ment of the costs, even though the jury found that
the amount due on them was less than that claimed
by the defendants. The order of the district court
overruling the motion to apportion the costs is
AFFIRMED.