John F. McDonald, Appellant, v. A. M. Benge.

Exchange of property: RESCISSION: MUTUAL MISTAKE. A contract
1  for the exchange of lands may be rescinded for mutual mistake
   as to the quality and value of the lands. Evidence held to
   show mutual mistake.

Same: TAXATION OF COSTS. Where the defendant in an action for
2  specific performance successfully establishes his right to re-
   scind the contract he should not be taxed with a portion of the
   costs.

*Appeal from Madison District Court.*— Hon. EDMUND
NICHOLS, Judge.

MONDAY, JUNE 8, 1908.

SUIT in equity asking the specific performance of a
land contract. Judgment for the defendant, from which the
plaintiff appeals. The costs were apportioned, and, from
that part of the judgment, the defendant appeals. The
plaintiff will be designated as appellant. *Affirmed* on plain-
tiff's appeal, and *reversed* on defendant's appeal.

*Wilkinson, Smith & Wilkinson,* for appellant.

*Robbins & Wilkie,* and *John A. Guiher,* for appellee.

SHERWIN, J.— Early in August, 1907, the parties
hereto entered into a contract, whereby McDonald traded
to Benge one hundred and sixty acres of Nebraska land for
three acres of land in Winterset, Iowa. Benge failed and
refused to perform the contract on his part, and this action
was brought to enforce specific performance of the contract.
Benge admitted the execution of the contract and his fail-

ure and refusal to comply therewith, and pleaded fraud on the part of McDonald.

The trial court found that no fraud had been practiced by the plaintiff, but did find that there had been a mutual mistake as to the quality and value of the Nebraska land. The evidence shows that said land was worth $500 or $600 only, while the three acres in Winterset was worth from *$1,500 to $2,000.*

1. EXCHANGE OF PROPERTY: rescission: mutual mistake.

The record shows that the plaintiff had not seen the land in Nebraska at the time of the trade, and that he so told the defendant; but it also appears that he represented that the land was level and close to a station, and that it was good land and suitable for raising crops. The plaintiff probably thought all of these representations were true; but, as a matter of fact, the Nebraska land is in the sand hills and is practically worthless, except for grazing purposes, and it is not even valuable for that use. In *Hood v. Smith et al.,* 79 Iowa, 621, and in *Smith v. Bricker,* 86 Iowa, 286, we held that a contract for the exchange of lands might be rescinded for mutual mistake as to the quality and value thereof. The rule is conceded by the appellant, but he contends that no mistake appears in the record. We think, however, that such mistake is fairly apparent from the record. After the contract between these parties was made, the appellant contracted to sell the three acres to Mrs. Wescot, and he urges that the defendant induced him to make such contract, and that, because thereof, he is now estopped from questioning the validity of their contract. The appellant has failed to show any conduct on the part of the defendant upon which an estoppel can be based. Whatever he may have said to Mrs. Wescot about her purchase of the three acres appears to have been after the contract between her and the appellant was made. The appellant entered into the contract with Mrs. Wescot, relying on his original contract with the defendant, and not because of his subsequent conduct or statements.

We think the court erred in taxing a part of the costs to the defendant.   Code, section 3854, provides for an apportionment of the costs in certain cases, but this case does

2. SAME: taxation of costs.   not come within its scope.   It is the rule that the successful party shall recover costs against the losing party, and we think it applicable to this case. *Judd v. Day,* 50 Iowa, 247.

On the plaintiff's appeal, the judgment is *affirmed,* but on the defendant's appeal it is *reversed.*