Jesse E. Proctor, individually, and as administrator with the will annexed of David A. Dixon, deceased, et al., complainants-appellees,

*v.*

Henry Lowe, Colored M. E. Church of Shepherdstown, West Virginia, Theodore Carroll, by his guardian *ad litem*, Francis P. Roche et al., defendants-appellants.

[Submitted June 4th, 1929—Decided February 3d, 1930.]

*Messrs. Grosso, Brundage & Anderson,* for the defendants-appellants.

*Mr. George A. Douglas,* for the complainants-appellees.

The opinion of the court was delivered by

McGlennon, J.

The bill of complaint in this case was filed by Jesse E. Proctor, individually, and as administrator with the will

annexed, of David A. Dixon, deceased, together with certain nieces and nephews of said decedent, against Henry Lowe and Colored M. E. Church of Shepherdstown, West Virginia, beneficiaries named in the said will. The purpose of the bill was to obtain a decree, adjudging that certain provisions in the said will were invalid, inasmuch as they violated the law of perpetuities, and, secondly, that decedent died intestate as to these provisions for lack of a residuary clause, and, finally, to establish complainants' rights in the estate as they claimed to be the sole next of kin, and heirs-at-law, of the said David A. Dixon, deceased.

Testator had another brother, Jesse C. Dixon, who predeceased him, in September, 1926, leaving three children, Theodore, John and Eleanor Carroll. During the pendency of the suit, these children applied (the latter two by their guardian *ad litem*), and were made parties defendant. They filed an answer joining in the prayer for the construction of the will, but denying that complainants were the sole next of kin, and averring on the other hand, that they were the lawful children of the said deceased's brother, Jesse C. Dixon, and consequently, should be included as of the next of kin and heirs-at-law.

The court of chancery, having examined the pleadings, and having taken the proofs orally, decreed that the will of the said testator, David A. Dixon, in relation to the fifth, sixth, seventh and eighth clauses (which were the clauses complained of) was invalid, in that these clauses violated the statute of perpetuities, and hence were void and of no effect. It was also decreed therein, that as the will of the said testator, David A. Dixon, did not contain a residuary clause, he died intestate as to each one of the aforementioned clauses.

It was finally decreed, in addition to the above, that the said defendants Theodore, John and Louise Carroll were not the lawful children of Jesse C. Dixon, a brother of the said testator, David A. Dixon, as their father, Jesse, had never married their mother, whose maiden name was Elizabeth James, and hence they were not of the next of kin and heirs-at-law of the testator.

None of the parties are appealing or complaining as to that part of the decree wherein the will is construed. The Carrolls are the only parties apparently aggrieved, and they appeal here from that part of the decree which adjudged them not to be the lawful children of Jesse C. Dixon, and of the next of kin and heirs-at-law of the testator.

A resume of the proofs, on which this portion of the decree was ordered is substantially as follows:

Elizabeth Carroll, mother of the appellants, testified that she met Jesse C. Dixon, in the year 1901, while she was employed in Pittsfield, Massachusetts. She said he was a railroad porter and frequently called on her between train runs; that she and Jesse were married about the 12th of December, 1905, by a Rev. Dr. Burke, a colored minister, in charge of a mission, at Roxbury, a suburb of Boston; that there were two witnesses to this marriage, whose names she never knew; that she did not know the exact address of the Rev. Dr. Burke, and had been unable to locate him, or find any public record of the marriage, and that she had learned that the minister was dead. She further testified, that a certificate of marriage was filled out, and given to Jesse, but that she could not now find it, and that they were married under the names of Jesse Carroll Dixon and Elizabeth James. She further testified that they remained in Boston, for a short time, and early in 1906, returned to Pittsfield, where she resumed her old employment; that she remained there until she was about to become a mother, when Jesse brought her down to New York City, where they lived together until his death, September 7th, 1926. She also testified that they lived together in New York City, under the name of Carroll (that being Jesse's middle name), at his request, for reasons of his own, which she did not know. She further stated that three children, these appellants, were born to them, and their births were registered under the name of Carroll. Certificates to such effect were admitted in evidence.

She further testified, that she had heard Jesse speak of his brother David, and other relatives, who never visited them, and that she had never met these relatives, until David called

upon her several times, subsequent to Jesse's death, and that he seemed to be very friendly. That she knew Jesse owned property in Newark, New Jersey, and that he had asked her to sign a deed for the same, to his brother David, at one time, but that she had refused to do so, because she did not want him to sell.

Dr. Carter testified that he had known Elizabeth James since their childhood in South Carolina, and had been employed with her in the same household, in Pittsfield, Massachusetts. That between 1901 and 1906, he had often seen her with Jesse Dixon, who early in 1906 informed him that Elizabeth James and he were married, and had heard Jesse introduce Elizabeth as his wife to Dr. Carter's mother, at her home in Pittsfield, Massachusetts. He also stated that he visited the Dixons in their apartment in New York City, where they were living with their children, under the name of Carroll, and that Jesse spoke of her as his wife.

Margaret Taylor, a sister of Elizabeth, testified that she knew Jesse Dixon in Pittsfield, Massachusetts, in 1901, and often saw him with her sister Elizabeth. That she was in Boston, late in 1905, with Elizabeth, visiting another sister who was sick, when Jesse called and took Elizabeth out, and upon returning in the evening, informed her as follows: "I am your brother-in-law," and that she congratulated him. That a few years later she visited them at their home in New York City, where they lived with their children under the name of Carroll, and that Jesse introduced Elizabeth as Mrs. Carroll, in the presence of both of them.

Lottie Williams testified that she had lived in the same house, in New York City, with Jesse and Elizabeth and their children, from 1913 to 1915, and had heard each of them introduce the other as "my husband" or "my wife," on a number of occasions, and that they were known in the neighborhood under the name of Carroll. She further stated, that her own husband worked at the railroad station with Jesse, and that she knew he was known at the station as Dixon.

John Perry testified that he had lived during several periods, from 1913 to 1925, in the same house in New York

City, with Jesse and Elizabeth, and knew them under the name of Carroll, and had heard them addressed as Mr. and Mrs. Carroll, in the presence of both.

There was also admitted in evidence, for defendants (the court reserving decision on it), an exemplified copy of proceedings, in the surrogate's court of New York county, in the matter of an application for letters of administration upon the estate of Jesse C. Dixon, instituted in December, 1926, by Helen Qualles, one of the complainants here. Her petition names all of the complainants as next of kin and heirs-at-law of Jesse Dixon, and also states that Elizabeth Carroll claimed to be his widow and that these appellants claimed to be his lawful children. The record also states that the other complainants renounced their right to administer in favor of Helen Qualles, and citations were issued to Elizabeth and her children. Elizabeth Carroll interposed in these proceedings, by counter-petition, praying for letters of administration as his widow. The surrogate denied the petition of Helen Qualles, and granted that of Elizabeth, and adjudged her to be the lawful wife of the decedent, and also decreed that Theodore, Louise and John Carroll, were the lawful children of decedent and Elizabeth.

Complainants' counter-proofs are meagre and uncertain, and do not directly contravert the foregoing evidence. They consist of the sworn statements of Jesse E. Proctor, a son of decedent's sister, whose limited testimony was abruptly terminated when the court suggested that his testimony was "just corroborating the other side," and of two deeds made in December, 1912, for the Newark property from Jesse C. Dixon, therein described as unmarried, and as of the city of Newark, to his brother David A. Dixon, together with the testimony of John Proctor, to the effect that he was once introduced, about twenty years ago, to Elizabeth Carroll, by his uncle Jesse C. Dixon, who stated that she was his landlady. Proctor admitted, on cross-examination, that he could not identify her as the woman so introduced to her, and this introduction was expressly denied by Elizabeth.

Complainants objected to the admission of the surrogate's record above referred to, upon the ground that they were not parties to the proceedings, and were not bound thereby. We have not considered this point, deeming it unnecessary, and prefer to rest our decision upon the other proofs in the case. Certain letters were offered by appellants, and excluded over objections. These likewise are omitted from our consideration.

We are of the opinion that appellants' oral proofs, above set forth, whose witnesses are in nowise discredited, are amply sufficient to establish the marriage in question. It has been uniformly held, in this state, that where no obstacle exists, all that is necessary to a valid marriage is present consent of the parties, followed by connubial habitation, and that declarations of the parties, and open cohabitation and repute in the neighborhood where their daily lives are spent, are evidence of the fact of marriage.

We find, therefore, abundant proof of these matters in the record, aside from the testimony of Elizabeth Carroll, herself, as to a ceremonial marriage. The cohabitation was not occasional, limited or secret. The parties and their children lived together, publicly and continuously, in a separate home, and were known generally in the neighborhood as Mr. and Mrs. Carroll. No shadow of proof is shown of any ulterior purpose in adopting or assuming the name of Carroll, nor of any injury to others resulting therefrom, nor of any doubt as to the identity of the parties. This status—sharing a life in common—continued for over twenty years until naturally dissolved by the death of Jesse Dixon. Under such circumstances the inference of marriage and the legitimacy of children is not lightly to be disturbed. Public policy and the rights of the parties forbid.

The force to be given such proofs, when established, is well illustrated in the case of *Jackson* v. *Jackson, 94 N. J. Eq. 233,* where they prevailed even against proof of later ceremonial marriage, and this court affirmed the decree of the court of chancery.

Another instance is the old case of *Smith* v. *Smith, 52*

*N. J. Law 207,* which was an action for dower, tried before a struck jury. There, as here, the only direct proof of actual marriage was by the claimant herself, supported by evidence of admission by the alleged husband, and continued cohabitation and recognition thereafter, and this court sustained the verdict in favor of the claimant. Mr. Justice Scudder, writing the opinion of this court, forcefully comments: "After the lapse of many years, slight proof of an actual marriage, followed by long continued living together, as man and wife, is often the best and only evidence, that can be obtained."

That portion of the decree of the court of chancery, involved in this appeal, is therefore reversed, with costs; to the end that a decree may be entered adjudging these appellants to be the lawful children of Jesse C. Dixon, also known as Jesse Carroll.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.