40 N.J. Super. 147 (1956)
122 A.2d 382
ELIZABETH ASHMAN, PLAINTIFF,
v.
MARY MADIGAN, ELIZABETH M. REGAN, ELEANOR REGAN HENDRICKSON AND LORRAINE REGAN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 24, 1956.
*148 Messrs. Walter E. & Walter M. Cooper, attorneys for plaintiff.
Mr. Willard B. Knowlton, attorney for the defendants.
GRIMSHAW, J.S.C.
The complaint in this action was filed to quiet title to property in the City of Englewood. That property was owned, at the time of her death, by one Ellen Connell, who died intestate. The plaintiff, alleging herself to be the daughter of the intestate, claims ownership of the property. The defendant sister and nieces of the decedent challenge the claim of the plaintiff. They charge that plaintiff is not the daughter of Ellen Connell and that they, the defendants, as her only heirs-at-law are entitled to inherit her estate.
The plaintiff was unable to produce a birth certificate. She did, however, produce a baptismal certificate which recites that she was born on December 4, 1899 to James Connell and Ellen Connell, his wife, and was baptized on the same day. This certificate of baptism was obtained by the decedent for use in connection with the marriage of plaintiff in 1925.
A number of witnesses testified concerning declarations of Ellen Connell in which she referred to the plaintiff as her daughter. These declarations were admissible. Barsotti v. Bertolino, 121 N.J. Eq. 346 (E. & A. 1936); Morgan v. Susino Construction Co., 130 N.J.L. 418 (Sup. Ct. 1943), affirmed 131 N.J.L. 329 (E. & A. 1944).
There was also considerable testimony of incidents in the life together of plaintiff and Ellen Connell which portrayed *149 a normal relationship of mother and daughter between them. And finally, there was introduced into evidence a letter written by the defendant Mary Madigan to the plaintiff at the time of Ellen Connell's death. In that letter Mary Madigan referred to the decedent as plaintiff's mother and referred to herself as "Aunt Mary." Mary Madigan is the only party now alive who was also alive when plaintiff was born. Presumably she is in the best position to know the true facts, yet the defendants neither called her nor attempted to obtain her deposition.
Defendants introduced a copy of documents from the New York Foundling Hospital which record that an infant known as Elizabeth Day was, on October 31, 1902, indentured to James and Nellie Connell, who were desirous of adopting a child. There was no testimony which directly connected the child, Elizabeth Day, with this plaintiff, and the date of her birth given in the instrument was December 3, 1899, the day before that upon which the plaintiff was born. There was, however, a report from an investigator employed by the institution, who checked on the activities of the child and of the Connells from time to time. The incidents recorded by the investigator and the places which he visited during the course of his investigation in the main coincide with incidents and places in the life of the plaintiff, thus creating a strong impression that Elizabeth Day was, in fact, the plaintiff.
There was also testimony from one of the nieces, who is 15 years younger than the plaintiff. She stated that it was common knowledge in the family that Ellen Connell had no child. She gave no testimony as to facts supporting her conclusions nor did she give the source of her knowledge.
In the absence of evidence directly connecting the New York proceedings with this plaintiff, I am unwilling to disregard the clear and convincing evidence of a normal relation of mother and daughter extending over a period of upwards of 50 years. See Proctor v. Lowe, 105 N.J. Eq. 536 (E. & A. 1929).
I am also of the opinion that the evidence justifies the inference that there was an agreement by the decedent *150 to adopt the plaintiff, which agreement this court has power to enforce. There was no direct evidence of such an agreement but that is unnecessary, if, as here, the statements and conduct of the adopting parent are such as to furnish clear and satisfactory proof that an agreement of adoption must have existed. Roberts v. Roberts, 223 F. 775 (8 Cir. 1915), certiorari denied 239 U.S. 639, 36 S.Ct. 160, 60 L.Ed. 481; Van Tine v. Van Tine, 15 A. 249, 1 L.R.A. 155 (Ch. 1888); Van Dyne v. Vreeland, 11 N.J. Eq. 370 (Ch. 1857); Burdick v. Grimshaw, 113 N.J. Eq. 591 (Ch. 1933).
There will be judgment for the plaintiff.