CAMPBELL v. WILLIAMS ET AL.

**Replevin:** JUDGMENT: EXECUTION. At the time of the commencement of an action of replevin, for the recovery of property alleged to have been wrongfully taken under an execution issued by a justice of the peace, no judgment had been rendered against the execution defendant: *Held*, that the subsequent entry of judgment would not have a retrospective operation, by which the right of possession would accrue under the levy.

*Appeal from Jefferson Circuit Court.*

FRIDAY, OCTOBER 23.

ON the 20th day of February, 1873, plaintiff commenced his action of replevin before a justice of the peace, alleging that he is the unqualified owner of a horse of the value of $35.00. That the horse was taken by defendants in virtue of an execution issued by William Laughlin, a justice of the peace, on a pretended judgment against the plaintiff, in favor of the defendant, Williams. That the horse was wrongfully taken for the reason that the justice did not render any judgment against plaintiff.

Answer in denial. Upon the trial the justice rendered judgment for the plaintiff. Defendants appealed to the Circuit Court, where the cause was tried by a jury, and a verdict was returned for plaintiff. Motion for new trial overruled. Judgment upon the verdict. Defendants appeal.

*McCoid & Herron*, for appellant.

*Sparks & Ratcliffe*, for appellee.

DAY, J.—Upon the trial of the cause it was proved that the horse in question belonged to the plaintiff. That an action was commenced by the defendant, N. D. Williams, against the plaintiff, before W. M. Laughlin, a justice of the peace, on a note given for the purchase money of said horse. The entries in the justice's docket show that the original notice was issued on the 6th day of Febuary, returnable on the 15th day of Feb-

ruary, 1873. That it was returned duly served, and on the same day execution was issued and placed in the hands of A. W. Laughlin for service, which was returned on the 17th day of February, served by levying upon one black horse. The docket further contains the following entries: "February 24th, 1873. Now comes this cause on for trial on motion of plaintiff to correct docket entry, and the same is sustained and the said entry made in accordance with the facts."

"February 15th, 1873. Now this cause coming on for trial and the defendant, James M. Campbell, being duly called, comes not, but makes default, and the court after hearing the evidence, finds on the note and assesses the amount at $38.98.

It is therefore ordered and adjudged that plaintiff recover of and from the defendant the sum of $38.98, with costs of suit taxed at $10.65, and that execution issue therefor." The justice testified that these entries were not made until, as shown by his docket, the 24th day of February, and after the execution issued. That he mentally rendered a judgment at the time the notice was returnable, but did not enter it in his docket, until the motion above named was filed. The court instructed the jury as follows:

"If you are satisfied from the evidence in this case that plaintiff was the owner of the property replevied, at the time the same was taken from his possession by the defendant or defendants, you will then return a verdict for the plaintiff. It appearing from the record evidence that at the time the so-called execution was issued, and the horse taken thereunder, there was no judgment in existence against the plaintiff, the subsequent act of the magistrate in entering a judgment on his docket could not have a retrospective effect, and would have no binding force as a judgment against the plaintiff. You are therefore instructed that the so-called execution under which the property was taken was invalid, and the acts of the defendants thereunder were illegal, and without authority of law." The defendants excepted to this instruction, and they assign the giving of it as error. We need not determine, in this case, whether it was at all competent for the justice to enter a judgment on the 24th day of Feb., nine days after the return

day, or whether said judgment is void, or merely voidable. Upon this subject see *Guthrie v. Humphrey*, 7 Iowa, 23; *Harper v. Albee*, 10 Iowa, 389; and *Burchett v. Cassady*, 18 Iowa, 342. The action of replevin was commenced on the 20th day of February, 1873. The record clearly shows that when the execution was issued and levied, and the replevin suit was begun there was no judgment, no authority for the execution whatever. At the time the action of replevin was commenced the plaintiff, as against the defendants was clearly entitled to the possession of the property. The judgment was not entered until four days thereafter. If it should be admitted that the justice had power to enter it, which we do not now determine, it could not operate back upon defendant's rights, and take away a right of possession which existed at the time his action was commenced. In replevin the question is, who was entitled to the possession of the property when the action was begun. *Cassell v. Western Stage Company*, 12 Iowa, 47; *Kingsbury v. Buchanan*, 11 Iowa, 387. There is no error in this instruction to appellant's prejudice. It is claimed that there is no evidence to support the verdict for damages in the sum of five dollars. The abstract does not show that we have all the evidence, and hence we cannot review this question.

The record discloses no prejudicial error.

AFFIRMED.