## PARKER v. HALEY ET AL.

1. **Execution:** EXEMPTION: TWO-SEATED BUGGY: CHOICE OF DEFEND-
ANT. Plaintiff had a two-seated buggy and two wagons, all of which
he used in and about the business of carrying on a stone quarry. De-
fendant, as constable, came to levy an execution upon the buggy, but
plaintiff claimed it as exempt, but made no objection to defendant's levy-
ing upon the wagons. *Held* that plaintiff had a right to choose which
of the vehicles he would hold as exempt, and that defendant was lia-
ble for not respecting such choice.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 15.

THE plaintiff alleges that the defendant, Alexander Haley,
as constable, willfully and with intent to oppress the plaint-
iff, levied an execution upon a double seated two-horse wagon,
well knowing that it was exempt from execution, and took
and carried it away, and deprived the plaintiff of the use of
it. Judgment is asked against the defendant for $200. There
was a jury trial, resulting in a verdict and judgment for the
plaintiff in the sum of $25.75. The defendant appeals.

*Utt Bros.*, for appellant.

*Graham & Cady*, for appellee.

DAY, J.—The defendant contends that the verdict is not
supported by the evidence. The plaintiff alleges in his peti-
tion that he is a teamster and quarryman, and that the wagon
in question was habitually used by him as his means of live-
lihood. The plaintiff is a resident of Iowa, and the head of
a family. His principal occupation, at the time of the levy,
was running a stone quarry. Evidence was introduced tend-
ing to establish the following facts: The vehicle in question
is a two-horse buggy, capable of carrying four persons. The
plaintiff resides three miles from the quarry, and used the

buggy almost daily in going to and from the quarry. Sometimes he used the buggy to carry his hands to the quarry, and sometimes he used it to carry passengers. Besides the buggy in question, the plaintiff had two wagons which he used in the quarry, or in drawing rock. When the defendant came to levy upon the buggy, the plaintiff claimed it as exempt, but did not object to the defendant's levying upon the other wagons. The plaintiff testifies that he got more of his living out of the buggy than out of the wagons. It is clear that the plaintiff was entitled to hold one of the vehicles exempt from execution. Under the circumstances which the testimony discloses, we think the jury were warranted in finding that the plaintiff had a right to select which of the three vehicles he would hold exempt from execution, and that, inasmuch as the selection was made before the levy, it should have been respected by the defendant. The verdict is not so wanting in support from the testimony as to justify our disturbing it.

AFFIRMED.