## COOK v. HAMILTON.

1. **Replevin:** ELECTION TO TAKE MONEY JUDGMENT INSTEAD OF PROPERTY: RIGHT TO DAMAGES FOR DETENTION. Where the plaintiff in replevin prevails, but elects, under Code, § 3241, to take a money judgment for the value of the property instead of a judgment for the possession of the property itself, he does not thereby waive his right to damages for the wrongful detention of the property by defendant.

*Appeal from Carroll Circuit Court.*

TUESDAY, DECEMBER 8.

ACTION IN REPLEVIN. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Bowen & Cloud,* for appellant.

*George W. Paine,* for appellee.

BECK, CH. J.—I. The defendant, as sheriff, levied an execution upon a pair of horses and a buggy and harness. Plaintiff brought this action to recover the possession of the property and damages for its wrongful detention, but, having filed no replevin bond, the action proceeded without the delivery of the property to plaintiff. This is authorized by the statute. The circuit court, upon the verdict for plaintiff, entered a judgment for the value of the property and for the damages for its detention.

II. This judgment is authorized by the statute. See Code, § § 3238, 3239. Code, § 3241, provides that if the party found to be entitled to the possession of the property, if he be not in possession thereof, may have, at his option, judgment for the specific delivery of the property or for its value, as determined by the jury. The judgment in this case, which will be presumed to have been entered at the option of plaintiff, (upon this point there is no dispute,) is for the value of the property.

III. Defendant insists that, as the plaintiff did not recover in the action the possession of the property, he cannot recover damages for its detention. The statute makes no distinction affecting the right of the parties to damages between a case wherein the property is delivered, upon final judgment, and one in which the plaintiff waives his right to the delivery of the property by exercising the option secured to him by the statute (Code, § 3241) to recover the value of the property. We can discover no grounds upon which we are authorized to make a distinction. The theory upon which the provisions of the statute authorizing the recover of damages for the

detention of the property is based is that, as the property is owned by the plaintiff who is entitled to its possession and use, he ought to recover the value of such use in damages for its detention. The right of the plaintiff to the possession continues until he abandons it by exercising the option given him by the statute to accept the money, or money judgment, in the place of the property. As he owned the property, and was entitled to its use up to that time, he ought to recover the value thereof in a judgment for damages. The rulings of the circuit court are in accord with these views.

IV. The defendant insists that the verdict is not supported by the evidence. We think differently. There was evidence of the value of the use of the property justifying the verdict upon that question, and the proof sufficiently supports the verdict finding that the property was exempt from execution.

No other questions arise in the case. The judgment of the circuit court is

AFFIRMED.