Turner v. Younker.

TURNER v. YOUNKER *et al.* .

1. **Costs:** SECURITY FOR: AMOUNT: DISCRETION OF COURT. The amount of security for costs to be required of a non-resident plaintiff is largely in the discretion of the trial court, which does not appear to have been abused in this case.

2. **Pleading:** DEFECTIVE VERIFICATION: EFFECT. A defect in the verification of a petition in attachment is waived by answering and going to trial. It is no ground for a motion in arrest of judgment.

3. **Attachment:** NOTICE OF OWNERSHIP BY THIRD PARTY: NOTICE: SERVICE. The notice of ownership required by chapter 45, Laws of 1884, to be given to an officer by any person claiming property which has been seized under an attachment, is sufficient if the officer in fact receives it in due time, as no particular manner of service is required.

4. ———: WRONGFUL DETENTION OF PROPERTY: DAMAGES. For the detention of property wrongfully seized under an attachment against another, the owner's measure of damages is the value of the use of the property while detained. (*Cook v. Hamilton*, 67 Iowa, 394, *followed*.)

5. **Evidence:** OF FRAUD: WHAT SUFFICIENT. Fraud is established by the proof of circumstances which lead naturally and fairly, though not irresistibly, to the conclusion of fraud, and which are inconsistent with any other reasonable or probable theory; and the instruction in this case (see opinion) is erroneous in requiring that the circumstances be such as to prove fraud to a moral certainty.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, DECEMBER 20, 1888.

ACTION for the recovery of specific personal property. Plaintiff claimed to have purchased the property from James S. Lewis. Defendant Hardin is marshal of the city of Keokuk. He seized the property under a writ of attachment issued by the superior court of Keokuk in an action in which defendant Younker was plaintiff and said Lewis defendant. Defendants, in their answer, denied that plaintiff was the owner of the property, or that he had it in possession at the time of the seizure. They also alleged that the sale by Lewis to plaintiff, if one was in fact made, was fraudulent and void as against creditors. The jury found that plaintiff was entitled to the possession of the property, that its value was ninety dollars, and that he had sustained damages in the sum of seventy dollars in consequence of its detention; and, in accordance with his election to take a money judgment for the whole of the property, the court entered judgment for one hundred and sixty dollars, and defendants appeal.

*J. P. Hornish, J. F. Smith* and *Craig, McCrary & Craig,* for appellants.

*Anderson & Davis,* for appellee.

REED, J.—I. Plaintiff, being a non-resident of the state, was required to give security for costs. By agreement of parties he was permitted to deposit a sum of money with the clerk in lieu of a bond. Afterwards defendants moved the district court to require him to give additional security, alleging that the amount of money deposited was inadequate security for the costs likely to accrue in the case. The court overruled the motion, and that ruling is assigned as error. The question raised by the motion was addressed largely to the discretion of the court, and we deem it sufficient to say that it does not appear to us that there was any abuse of that discretion in the action complained of.

1. COSTS: security for: amount: discretion of court.

II. The petition purports to have been sworn to before a justice of the peace. Defendants moved the court to instruct the jury that, as there

**2. PLEADING:** was no evidence tending to show that the
defective
verification: pleading was properly verified, their ver-
effect.
dict should be for them. They also moved in arrest of judgment, alleging that the person before whom the petition purported to be verified was not a justice of the peace. Both motions were overruled. The rulings are correct. A question as to the sufficiency of the verification of a pleading cannot be made upon the trial. By answering and going to trial, defendants waived the defect, if one existed ; and the fact alleged does not afford ground for a motion in arrest. Where the averments of fact in the petition do not entitle the plaintiff to any relief, advantage may be taken of the defect by a motion of that character; but that is the only ground for such motion recognized by the statute. Code, secs. 2650, 2842.

III. On the day following that on which the property was seized, plaintiff caused a notice in writing to be prepared, in which his ownership of the

**3. ATTACHMENT:** property, and the other facts required by
notice of
ownership by the statute, were alleged. This notice was
third party:
notice : ser- verified, as required by law, and it was left
vice.
at the office of defendant Hardin, to whom it was directed, and it afterwards came into his hands. He thereupon demanded of his co-defendant, Younker, an indemnifying bond, which was given. On the trial, defendants objected to the admission of the notice in evidence, on the ground that it had not been properly served ; but the objection was overruled. The statute does not prescribe the manner in which the notice shall be served. It provides simply that if, after the levy, the officer shall receive a notice in writing that some person other than the one against whom the writ runs claims the property, he may release it unless a bond is given. Ch. 45, Laws 20th Gen. Assem. The object of the statute is to afford the officer indemnity against liability for the levy when the title and ownership of

Turner v. Younker.

the property which he is required to seize is in dispute. That object is accomplished by the mere delivery of the notice to him. The manner of the delivery is immaterial; the only essential being that the officer received the notice.

IV. The court instructed the jury that if plaintiff was entitled to the possession of the property the measure of his damages for its detention under the levy would be the value of the use of the property during that time, and error is assigned on that instruction. Appellant relies on *Hasted v. Dodge*, 35 N. W. Rep. 462.\* But on rehearing, that case was overruled, and *Cook v. Hamilton*, 67 Iowa, 394, was adhered to. The instruction is in accord with the holding in the latter case.

4. ——: w..ongful detention of property: damages.

V. On the issue of fraud the court gave the following instruction: "The burden of proving fraud is upon the party alleging it. Fraud is not to be presumed without proof. Yet fraud, like any other fact, may be proved by proving circumstances from which the inference of fraud is natural and irresistible; and if such circumstances are proven, and they are of such a character as to produce in the mind of the jury a conviction of the fact of fraud, then it must be considered that fraud is proven." The doctrine of this instruction is that the circumstances relied on to establish that the transaction was fraudulent must lead irresistibly to that conclusion or they are not sufficient. We think it is erroneous. The true doctrine undoubtedly is that the circumstances relied on must lead naturally and fairly to the conclusion sought to be established, and must be inconsistent with any other reasonable or probable theory. But the instruction goes much further than that. It, in effect, requires proof to a moral certainty. In civil

5. EVIDENCE: of fraud: what sufficient.

\*[For reasons not necessary to be stated, the court directed that the opinion in this case should not be officially published.—REPORTER.]

actions the parties are required to establish their allega-
tions by a preponderance of testimony only.   Under an
issue like that in question a preponderance is attained
when the circumstances proven overcome the presump-
tion of honesty which the law raises with reference to
the transaction, and lead fairly to the conclusion that it
was entered into with a dishonest or fraudulent design.
For this error the judgment must be

REVERSED.