## McIntire v. Eastman.

1. **Instructions**: ERROR CURED BY VERDICT. Errors in instructions relating wholly to a theory of the case which the jury specially finds to be untrue are not prejudicial.

2. **Replevin**: PLEADING: OWNERSHIP OF DEFENDANT. In an action of replevin, where there was a judgment for defendant, *held* that the judgment could not be assailed in this court on the ground that the defendant did not in terms allege that he was the owner of the property, when no objection on that ground was raised to the answer in the trial court, and it was very plain from all the pleadings that defendant claimed to own the property.

3. ——: COUNTER-CLAIM: RECOVERY OF REPLEVIED PROPERTY AND DAMAGES. Section 3226 of the Code, providing that no counter-claim shall be allowed in an action of replevin, was not meant to prevent the defendant from setting up the value of the property and the damages suffered by him on account of its detention under the writ, and recovering the property, or its value, and damages for its wrongful detention; for the statute specially provides that he may do this. (See sections of Code cited in opinion.)

*Appeal from Dickinson District Court.* — HON. GEORGE H. CARR, Judge.

FILED, JANUARY 15, 1889.

ACTION to recover the possession of a mule. A bond was filed by plaintiff, and a writ of replevin was issued, and served by taking and returning the mule to plaintiff. The cause was tried to a jury, and a verdict and judgment rendered for defendant. The plaintiff appeals.

*Parker & Richardson*, for appellant.

*Hughes & Chamberlain*, for appellee.

ROBINSON, J.—Plaintiff leased to one Sutton a farm in Clay county for the term of one year, commencing on the first day of April, 1886. By the terms of the lease Sutton was to deliver to plaintiff, on the farm, as rental, one-half of all the oats, and one-third of all the corn, which should be raised, and one-third of all the hay which should be cut thereon. On the tenth day of April, 1886, plaintiff and Sutton made a supplemental agreement, by the terms of which plaintiff was to have one-half of all the grain raised on the farm during the term of the lease, "in consideration of the use of one mule and harness." Under this agreement the mule in controversy was delivered to Sutton. During the following summer plaintiff made some arrangement with Sutton for the sale to him of this mule for a quantity of hay to be made by Sutton, and delivered to plaintiff. Sutton made some hay, which he left on the farm. In September he sold the mule to one Nicholson, and soon after absconded. Nicholson traded the mule to defendant, who now claims to own it, and to be entitled to its use. Plaintiff contends that by virtue of his agreement with Sutton there was to be no change in the title to the mule until the hay required by the terms of the agreement had been made and delivered; that the hay was not made and delivered as agreed; and therefore that the ownership of the mule was not changed, but remained in plaintiff. Defendant contends that there was an absolute sale by plaintiff to Sutton, but, if there was not, that the agreement was of such a nature as to be in effect a conditional sale; that Sutton held possession by virtue thereof; and that defendant acquired title to the mule as an innocent purchaser for value.

I. Appellant discusses at some length numerous questions which are based solely upon the theory that

**1. INSTRUC-TIONS: error cured by evidence.** the sale to Sutton was a conditional one. We do not find it necessary to determine them. The charge of the court upon that

McIntire v. Eastman.

theory was as favorable to plaintiff as he could ask it to be. The jury found specially that the sale by plaintiff to Sutton was without condition, and absolute. Hence, if the court erred in its rulings in regard to matters which were material only upon the theory that the sale was conditional, no prejudice could have resulted therefrom to plaintiff.

II. Appellant insists that the pleadings do not put in issue the alleged ownership of defendant. It is true that ownership by defendant is not averred in terms, but the petition shows that he was in possession of the mule when the action was commenced, and that he detained it for the reason that he claimed to have purchased it. The answer denies the alleged ownership and right of possession of plaintiff, "admits" that defendant owns the mule, alleges that defendant was unlawfully deprived of it by plaintiff, and that he has sustained damage by reason thereof, and demands judgment for the return of the mule, and for damages which resulted from its detention. The nature and extent of the claim of defendant were plainly indicated, and, in the absence of any attack of the answer on the grounds now urged, we think it was sufficient.

2. REPLEVIN: pleading: ownership of defendant.

III. Appellant insists that the special finding and general verdict are not supported by the evidence. Plaintiff alone testified as to the terms of the agreement of sale to Sutton, and all his statements are not entirely in harmony with each other. He stated to different witnesses that he had sold the mule to Sutton without mentioning any condition. Sutton made and left on the place about fifty tons of hay in the stack, and some that was good in the field. As we understand the record, plaintiff took possession of nearly or quite all of this hay, and used it for his own purposes. While the evidence as to the sale is not entirely satisfactory, yet we think that it is sufficient to sustain the finding and verdict.

IV. Defendant, in an amendment to his answer, alleged the value of the mule to be one hundred and

McIntire v. Eastman.

3. ——: counter-claim: recovery of replevied property and damages. twenty-five dollars, and that he had been damaged by its wrongful detention by plaintiff in the sum of fifty dollars. Judgment for the return of the mule and for damages was demanded. Plaintiff moved to strike this amendment from the files on the ground that the matters therein alleged were immaterial and irrelevant, and for the further reason that they constituted a counter-claim, and no counter-claim is allowable under our statute. The motion was overruled, and thereupon plaintiff filed a reply to the amendment. He now insists that the court erred in overruling the motion. Without determining whether or not the right of plaintiff to question this ruling was waived by the filing of the reply, we would say that, in our opinion, the ruling was correct. Section 3226 of the Code provides that no counter-claim shall be allowed in an action of replevin. But is is evident that it is not the purpose of that section to prevent the recovery, by any party to the action, of the property to which he is entitled, and damages for its detention. It is the policy of the law to settle the matter of title when it is involved, and the right of possession, and questions which arise therefrom, so far as it may be done, in one action. Section 3228 of the Code provides that a third person who claims an interest in the property in dispute may intervene, or be made a party defendant, or be substituted by the proper mode, for one who has no interest in the litigation. Sections 3229 and 3242 provide that a judgment for money against the plaintiff shall be against the sureties on the bond, and this has been held to authorize a judgment against the sureties upon the disposition of the case, without requiring them to be brought into court by formal proceedings. *Hershler* v. *Reynolds*, 22 Iowa, 154. Section 3238 requires the assessment of the value of the property, and also damages for its taking or detention, where a judgment for the recovery or return of the property is authorized. Section 3239 requires that the judgment determine which party is entitled to the possession of the property, and his right therein, and that it

award damages for the illegal detention of the property to the person entitled thereto. The relief asked by defendant was certainly authorized by this section. *Cook v. Hamilton*, 67 Iowa, 395.

V. Other questions are discussed by counsel, but, as they do not relate to matters of general interest, it is sufficient to say that we have examined them carefully, but find no error prejudicial to plaintiff. The judgment of the district court is　　　　　　　　Affirmed.