R. BECKER & DEGEN, Appellants, v. FRED STAAB.

Replevin:   ELECTION TO TAKE MONEY JUDGMENT:   *Damages.*   Where defendant in replevin elected to take a money judgment, he was entitled to the value of the property at the time it was taken, and legal interest thereon to the date of judgment, but damages for expenses in preparing to defend the case after the property was taken were erroneously allowed.

114   319
6120   430
114   319
125   578
114   319
127   229
114   319
136   588
114   319
137   306

IDENTIFICATION OF MORTGAGED PROPERTY: *Partial recovery.* Where plaintiff in replevin claims under a chattel mortgage on certain cattle, and the question at issue was as to the identity of the cattle, plaintiff was entitled to an instruction that, if he failed to identify all the cattle taken as covered by the mortgage, he could recover such animals as he was able to show were described and included in it.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

TUESDAY, MAY 28, 1901.

ACTION in replevin for certain cattle, under a chattel mortgage held by plaintiffs, which was duly recorded. There was a jury trial, and verdict awarding the property to defendant, fixing the value at $300, and damages at $33. Defendant electing to take a money judgment, it was accordingly rendered in his favor for the amounts stated. Plaintiffs appeal.—*Reversed.*

*B. E. Rhinehart* and *J. W. Doxsee* for appellants.

*Ellison, Ercanbuck & Lawrence* and *C. W. Kepler* for appellee.

WATERMAN, J.—As damages for the wrongful taking of the property under the writ, defendant was allowed to testify that he spent about 12 days in consulting counsel and otherwise preparing to defend the case; that his time was worth $1.50 per day; and that he paid out for board and other expenses during the time between $15 and $20. On this evidence, the jury made its allowance of $33 damages. The measure of damages in replevin differs when the defendant takes judgment for the return of the property from what is allowed where a money judgment is elected. *Romberg v. Hughes,* 18 Neb. 579 (26 N. W. Rep. 351); *Just v. Porter,* 64 Mich. 565 (31 N. W. Rep. 444). There is some language in *Cook v. Hamilton,* 67 Iowa, 394, which

might at first glance seem to conflict with the doctrine announced, but it does not do so in fact. The question involved in that case was not as to the measure of damage, but as to whether a plaintiff in replevin who failed to secure possession of the property and took a money judgment was entitled to anything in addition to the value of the property taken. This was also the proposition ruled upon in *Hasted v. Dodge*, 35 N. W. Rep. 462 (not reported officially). See, also same case in 39 N. W. Rep. 668. In the Michigan case, above cited, the rule of damages is thus stated: "The suit in replevin proceeds upon the theory of adjudicating the rights of the parties as they were at the date of the issue of the writ. In the present case the value of the property was proven of that date. If the defendant elects to take the value of the property, he, in effect, thereby makes a sale of it to the plaintiff at the date of its taking, and its value at that time, with interest up to the date of the verdict, is certainly a fair compensation. If he prefers to take the property and the value of its use while detained, he can do so. There is no justice in his taking the value of the property,—selling it to the plaintiff against his will,—and also charging him with the use of it in addition." See, also *Bigelow v. Doolittle*, 36 Wis. 115; *Romberg v. Hughes, supra;* 3 Sutherland Damages, 560; *Hanselman v. Kregel,* 60 Mich. 552 (27 N. W. Rep. 682), and numerous cases cited therein. When defendant elected to take a money judgment herein, he was entitled, in the matter of damages, to interest thereon from the date when the cattle were taken up to the date of judgment at 6 per cent., and to nothing more.

Defendant makes in his argument an offer in substantially these terms: That if this court, on investigation, finds the judgment too large, he will remit the excess that may be found over $300. Whatever right defendant might have under this offer, were this the only question in the case,

we need not say. His right to avail himself of the offer as made is disputed. But, as we find the case must be reversed on another ground, we need not follow counsel in their discussion of this branch of the case.

II. The cattle were described in the mortgage as "short yearling steers, of various colors, branded '5' on right hip, and notch cut out of the right ear, ∧." It is apparent that the age was but approximately given, and the brand and earmarks were the means of identification. It was by these marks that plaintiffs' witnesses claimed to recognize the animals. On the trial evidence was given in defendant's behalf to show that two of the animals taken under the writ were bulls, and that they were altered by him after his purchase of them from from Ernst, who was the maker of the mortgage held by plaintiffs. Plaintiffs asked an instruction to the effect that, if they failed to identify all the cattle taken as covered by the mortgage, yet they might recover such animals as they were able to show were described and included in it. A form of verdict for a partial recovery by plaintiff was also submitted, and a request made that it be given the jury. The court ruled against plaintiffs in both of these matters, and the case went to the jury upon the apparent theory that one or the other of the parties was entitled to all the property in dispute. Defendant seeks to uphold this action of the court on the ground that the evidence was the same as to all the animals involved. But this is not correct. The testimony as to two of them differed in character from that relating to the others. Defendant admitted that all the cattle in question were purchased by him from Ernst the chattel mortgagor. To meet the attempted identification by plaintiffs, some evidence was given on defendant's part as to the approximate ages of the animals, but mainly as to marks and brands. With relation, however, to two of the animals, it was shown, as we have said, that when purchased they were bulls, and not steers. There was some warrant for the jury finding

for plaintiffs as to all the cattle claimed save these two head. The court should therefore have given the fifth instruction asked by plaintiffs, and the form of verdict of which we have spoken. Some other matters discussed are not likely to arise on another trial. For the error mentioned, the judgment is REVERSED.