C. F. HILMAN v. C. S. BRIGHAM, *et al.*, appellants.

**Exemptions:** BURDEN OF PROOF: *Landlord's lien.* In replevin for goods seized by a landlord under a landlord's lien, where it is claimed that part of the goods seized were exempt, the burden is on the plaintiff to prove what part thereof was exempt.

**Replevin:** POSSESSION SOLE ISSUE IN. In replevin, the question for determination is, who was entitled to possession when the action was commenced?

**Landlord's Lien:** RIGHT TO POSSESSION: *Sale of property subject to lien.* A tenant, before the accrual of rent transferred certain of his property which was subject to the landlord's lien; and the landlord at once sued for the rent, and attached the property, which the assignee seized by replevin. *Held,* that while the landlord had a lien on the property, he had no right to the possession thereof until after the rent accrued, and hence the tenant's assignee, being entitled to possession, was entitled to judgment in the replevin suit.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, MAY 16, 1902.

ACTION of replevin to recover the possession of personal property upon which a landlord's writ of attachment had been levied. Trial to the court, and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Martin Neilan* for appellants.

No appearance for appellee.

SHERWIN, J.—The defendant Brigham was the landlord of one Boltz, under a lease providing for the payment of rent monthly, on the first day thereof. On the twenty-second day of December, 1897, Brigham commenced suit against Boltz for the rent due January 1, 1898, and thereafter, and caused a landlord's writ of·attachment to issue, which the defendant sheriff on the same day levied on the personal property in controversy. On the eighteenth day of December, 1897, Boltz sold the property to this plaintiff, who brought this action, for the possession thereof, on the thirtieth day of the same month, and, as will be noticed, before any rent was due Brigham. The property was taken under the writ of replevin and delivered to Boltz, who immediately moved it out of the state. Afterwards Brigham's original suit for rent was dismissed, and later a new one commenced, in which a landlord's attachment was also issued, but no levy made thereunder, for the reason that no property could be found. The defendants contend that the possession of this property should have been awarded to them, or at least a part of it, because it was subject to the landlord's lien of Brigham. It fairly appears from a very imperfect and confused record that a portion of the property was not exempt, and that Brigham's lien attached thereto when it was put into the leased house, which was long before the bill of sale to the plaintiff. At any rate, the burden was on the plaintiff to prove what part thereof was exempt to Boltz. *Hays v. Berry*, 104 Iowa, 455. But an action of replevin is to determine the present possession of the property. The question is, who was entitled to the possession when the action was commenced? *Kingsbury v. Buchanan*, 11 Iowa, 389; *Campbell v. Williams*, 39 Iowa 646; *Waterhouse v. Black*, 87 Iowa, 317. While the landlord has a lien on the property for rent due and to become due,

he has no right to the possession of the property until some part of his rent is actually due. *Merrit v. Fisher*, 19 Iowa, 354; *Brody v. Cohen*, 106 Iowa, 309. The plaintiff on the other hand, was entitled to the possession of the property at the time he commenced this action; for ownership carries with it the right of possession, in the absence of evidence to the contrary. The claim is made, however, that the sale to the plaintiff was fraudulent, but this is not supported by the evidence we have before us.

The defendants rely on *Edwards v. Cottrell*, 43 Iowa, 194, for their contention that the defendant Brigham, being a party defendant in the replevin suit, is entitled to the possession of the property to protect his lien; but this cannot be so, because he was not made a party by the plaintiff, as in that case; and, besides this, in that case the landlord's rent, or a part thereof, was due when the replevin action was commenced, and the landlord being then entitled to the possession of the property, because of rent then due, it was held that the property was sufficiently in the custody of the law to protect him. In this case Brigham was made a party defendant on the motion of the original defendant, the sheriff.

Upon the record before us, we think the judgment of the district court right, and it is AFFIRMED.