Thomas R. Powers, Appellant, v. Wm. Benson, *et al.*

Replevin: RIGHT TO POSSESSION: PROOF. Where the plaintiff in a
1    replevin action bases his right to possession on ownership, a
     previously executed mortgage on part of the property is inad-
     missible to establish right of possession.

Assignment of Error. An assignment of error that "the court erred
2    in giving the instructions," naming them, "and each of them",
     is too indefinite for consideration.

Evidence. There is no prejudicial error in sustaining objections
3    to questions which are afterwards substantially answered by
     the witness.

Bill of Sale: MORTGAGE. A bill of sale cannot be shown to be in
4    fact a mortgage except upon clear and satisfactory proof.

Damages for Detention: MONEY JUDGMENT. In a replevin action
5    where one elects to treat the property as converted at the time
     it was taken and have a money judgment for its value at that
     time, he is not entitled to damages for detention.

Money Judgment: WAIVER: TITLE. In a replevin action, an
6    election to take a money judgment for the value of the prop-
     erty is a waiver of its return, and vests title in the party
     holding the same as of the time it was taken.

*Appeal from Buchanan District Court.*—Hon. Franklin
           . C. Platt, Judge.

Saturday, May 16, 1903.

Action to recover the possession of specific personal
property. Trial to a jury, and verdict and judgment for
the defendants. The plaintiff appeals.—*Reversed.*

*Holman* and *French* for appellant.

*E. E. Hasner* for appellees.

Sherwin, J.—The plaintiff alleges that he became the
owner of the property in question by purchase from one

of the defendants, and that said defendant duly executed
and delivered to him a bill of sale of the
same.    His right to the possession of the
property was based solely upon this claim of absolute own-
ership.    The offer of a previously executed chattel mort-
gage which it was claimed covered a part of the same
property, for the purpose of proving his right to posses-
sion, was rightly rejected.    *Kern & Son v. Wilson*, 73
Iowa, 490.

1. RIGHT to possession: proof.

Complaint is made of certain instructions given by
the trial court, but the appellee challenges the sufficiency
of the assignment of error relating thereto.    It is as fol-
lows:    "The court erred in giving the in-
struction," naming them, "and each of them."
Such an assignment is too indefinite and uncertain.    *Fitch
v. Mason City & Clear Lake Traction Co.*, 116 Iowa, 716;
*Huss v. Railroad*, 113 Iowa, 343; *Copeland v. Ferris*,
118 Iowa, 554.

2. ASSIGNMENT of error.

There was no prejudicial error in sustaining the objec-
tions to questions asked the defendant Benson on cross-
examination, on the ground that they were leading.    The
objections were not good, but the inquiries
related to unimportant matters, and were
substantially answered by the witness at other times.

3. EVIDENCE.

The assignment of error as to the sufficiency of the
evidence and as to the legality of the judgment entered is
good, and we will now consider those matters.    We have
read and re-read the testimony of the defend-
ant William Benson, the maker of the bill
of sale, and reach the conclusion that his testimony as to
the transaction wholly fails to prove that it was his intent
to then execute a mortgage only; and when his testimony
is read and considered in connection with that of McHugh,
and in connection with the circumstances and transactions
leading up to the execution of the bill of sale, we think
it is demonstrated to a certainty almost that he intended

4. BILL of sale: mortgage.

to give a bill of sale conveying an absolute title to the property. Certain it is that the instrument is an absolute bill of sale in form, and that it has not been altered in any material part since he executed it, and it is a well-settled rule that a written instrument, duly executed, cannot be impeached and shown to be other than it purports to be except upon clear and satisfactory evidence.

The verdict should have been set aside, so far as the property claimed by William Benson was concerned, for lack of evidence to support it. The property taken under the writ was delivered to the plaintiff. It consisted of horses and wagons, cows, pigs, etc. The jury found the value thereof, and that the defendants had suffered damages by reason of its detention.

After the verdict the defendants asked for money judgments against the plaintiff and his bond. Judgments were thereupon rendered against him for the full value of 5. DAMAGES the property and for the damages found in for detention; favor of the defendants for its detention. money judg-ment. There is an apparent conflict in the decisions of this court as to the true measure of damages in cases of this kind. In *Cook v. Hamilton*, 67 Iowa, 394, it was held that a plaintiff in an action of replevin, who had not had the property delivered to him, might elect to take a money judgment, and with it the damages suffered by its detention. The *Cook Case* was cited with approval in *Turner v. Younker*, 76 Iowa, 258, and in *McIntire v. Eastman*, 76 Iowa, 455. It was followed also in *Hartley State Bank v. McCorkell*, 91 Iowa, 660. In *Becker v. Staab*, 114 Iowa, 319, the facts were not precisely the same as those presented here, for there the damages sought were for time spent in preparing for the trial and for personal expenses connected therewith, while here recovery was had for the value of the use of the property. The principle involved, however, is the same in both cases; and we there held, without expressly

overruling former cases, that a recovery could not be had of damages for the detention of property when the party found to be entitled to its possession elected to take a money judgment for its value, and we there cited cases holding such to be the better rule. A person whose property has been wrongfully taken and detained is entitled to full compensation for his injury and nothing more. Different conditions may, however, vary the amount which will represent such compensation. In case of property which is of special value for its use, damages for its detention may be recovered when interest on the value thereof from the time when taken to the time of the trial would not make good the injury suffered. But it is manifest that where the injured party elects to treat the property as converted at the time it was taken from him, and to recover its value at that time, he should not be permitted to recover damages for its detention thereafter. Wells on Replevin, sections 223, 580; Sutherland on Damages, 539; *Hanselman v. Kegel*, 60 Mich., 540 (27 N. W. Rep. 678); *Just v. Porter*, 64 Mich. 565 (31 N. W. Rep. 444).

It is difficult to establish a rule which shall apply to all cases, without regard to their peculiar facts, and we are not attempting to do so here. In this case the value of

6. MONEY judg-  the property at the time it was taken from
ment: waiver:
title,          the defendants on the writ was proven, and

the subsequent election to take a money judgment for its value was a waiver of its return, and vested the title in the plaintiff as of the time it was taken. *Bacon v. Kimmel*, 14 Mich. 201; Cooley on Torts, 458. We are disposed to adhere to the conclusion reached in *Becker v. Staab*, so far as it announces a general rule, and to overrule prior cases inconsistent therewith.

The Holstein cow and the buggy were found to be the property of Bernard Benson at the time the bill of sale was executed and at the time they were taken on the writ.

This finding is sufficiently supported by the evidence, and the judgment in his favor for the value of the same was properly rendered.

If he shall file a written remittitur of all in excess of the value of this property with six per cent. interest per annum thereon since it was taken, within thirty days after the filing of this opinion, the judgment as to him will stand; otherwise it will be reversed. The judgment in favor of William Benson is REVERSED.