C. P. MEREDITH, Appellant, v. SAMUEL LOCHRIE and A. M.
LOCHRIE.

**Recovery of rents and profits by junior mortgagee.** A junior mort-
gagee or his assignee, whose rights have not been foreclosed,
may redeem from the foreclosure of a prior mortgage and
recover the rents and profits less permanent improvements if
any, but such rents must be determined and recovered in the
action for redemption and not by a separate suit, unless a suf-
ficient excuse for the failure be shown.

*Appeal from Clark District Court.*— HON. H. M. TOWNER,
Judge.

MONDAY, FEBRUARY 13, 1905.

SUIT to recover for the use of land. There was a

judgment for the defendants, from which the plaintiff appeals.— *Affirmed.*

*De Lano & Meredith,* for appellant.

*W. S. Hedrick,* for appellee.

SHERWIN, C. J.— There were three mortgages on the land in question. The first one was foreclosed, and the defendants herein, who were the holders of the second mortgage, redeemed therefrom, and took a sheriff's deed for the land in November, 1899. They thereafter brought suit against the holder of the third mortgage, he not having been made a party to the foreclosure of the first, and on the 6th day of April, 1900, a decree was entered fixing the amount to be paid by Johnson, the third mortgagee, to make redemption, and giving him until August 6, 1900, to pay the same. The plaintiff, as the assignee of Johnson, redeemed in accordance with the decree, and received a quitclaim deed from the appellees. He thereafter brought this suit to recover the rents and profits of the land for the years 1899 and 1900. It is undoubtedly the rule that a subsequent mortgagee, whose rights have not been foreclosed, may redeem and demand from the mortgagee in possession an accounting for the rents and profits less permanent improvements. *Spurgin v. Adamson,* 62 Iowa, 661; *Ten Eyck v. Casady,* 15 Iowa, 524; *Barrett v. Blackmar,* 47 Iowa, 565. But in the last case cited it was held that such claim must be made in the action for redemption. In the case at bar the amount necessary to redeem was agreed upon, and it was so entered in the decree, and the presumption is conclusive that the amount thus found was the amount due after allowing Johnson all proper credits. The law abhors a multiplicity of suits, and neither Johnson nor his assignee can now maintain an action for rents and profits which might have been recovered in the former suit, unless a sufficient

excuse for the failure be shown.   The defendants received rent for the year 1900, and it is said that they should account therefor in this action.   If it be conceded that the decree did not determine the rights of the parties at the time redemption was in fact made — a question we do not determine — the evidence shows that the amount of rent received was expended in permanent improvements on the land, and under the rule of the cases cited the plaintiff cannot recover therefor.

We think the judgment right, and it is *affirmed*.