### DAMAGES IN ACTION FOR REPLEVIN.

Circuit Court of Cuyahoga County.

PHILIP COHEN v. WILLIAM LONGTIN.

Decided, March 4, 1907.

*Replevin—Damages where Plaintiff Elects to Take Value of Property.*

In an action of replevin where the plaintiff elects to take the value of the property as found by the jury, he can not also recover damages for its wrongful detention, and his recovery is limited to the value of the property thus found together with interest on that amount from the date of the wrongful detention.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The original action was in replevin and was begun in the court of a justice of the peace, whence it was taken by appeal to the court of common pleas of this county.

Upon the trial in that court the jury found that at the commencement of the action the right in and to the possession of the property named in the petition was in the plaintiff, and as-

sessed his damages at $90, and the value of said property at $100.

The defendant, Philip Cohen, moved for a new trial, whereupon the plaintiff elected to take the value of the property as found by the jury, together with the damages for the withholding thereof, and having remitted from the amount of the verdict of the jury the sum of $9.51, being the interest on the value of said property, as found by the jury, from April 3, 1905, to September 17, 1906, the first day of the term, said motion for new trial was refused.

The defendant below prosecuted error, and alleges as ground thereof, that the court erred in rendering judgment against him, for not only the value of the property, but also for the further sum of $90 for withholding the same.

The property in question included a billiard table, the use of which, it was claimed and found by the jury, was worth about $5 per month. It is urged by the defendant in error that the rule of damages in replevin is different from that in trover, in that replevin presupposes a continuing ownership by the plaintiff, and ultimate restoration to him of the property which is the subject-matter of the litigation. Upon this theory the plaintiff is clearly entitled to recover the damage done by the defendant to his property, together with the value of the use thereof for the period of time during which it has been withheld from him by the defendant.

Under our statute, however, the action of replevin is of the character just described, only when the plaintiff, upon verdict in his favor, elects to retake the property itself. In case he elects to take the value of the property as assessed by the jury, as of the time when it was unlawfully withheld from him by the defendant, the title to the property is transferred to the defendant as of the same time, if the judgment be for plaintiff.

In this aspect our statutory action of replevin is like the common law action of trover, and it is manifest that the reason for a distinction in the rules of damages in these two classes of cases is thus eliminated.

There is some conflict of authority upon the precise question presented here, but the weight of authority now appears to be as

above indicated. In Iowa, for example, the Supreme Court has reversed its original holding, that in replevin cases the plaintiff may have not only the value of the property, but also damages for its detention, and now holds that where the plaintiff elects to transfer the title to the property in controversy to the defendant the measure of his damages is merely the value of the property. *Powers* v. *Benson,* 120 Iowa, 428.

It is manifest that the plaintiff's property is no longer detained from him after title thereto has been transferred to the defendant by the voluntary action of the plaintiff; and the absurdity of the contrary rule is evident when we consider that a horse, originally the property of the plaintiff, and unlawfully withheld from him by the defendant, may be of the value of $100 but by reason of having its leg broken by the negligence of the defendant, while so withheld by him, the defendant will become liable not only for the value of the horse, $100, but also for damages thereto, for nearly or quite the same amount, in addition, because the broken leg has damaged the animal to that amount. It would be repugnant to the plainest principles of justice to permit the plaintiff, under such circumstances, to recover twice the original value of the horse that had been unlawfully withheld from him for a brief period.

The damages for detaining in the present case were $90 and to this extent the judgment below is erroneous, in view of the plaintiff's election to take the value of the property. The plaintiff, was, however, entitled to the interest which he remitted, amounting to $9.50, so that the judgment is excessive to the amount of $81.50. Unless the plaintiff shall within ten days remit from the judgment the sum of $81.50 the judgment below will, therefore, be reversed, but if such remittitur is made the judgment will be affirmed.