H. J. WERTZ, Appellee, v. W. A. HALE, Appellant.

EXECUTION: Levy—Wrongful Levy—Damages.  One who seeks a
1  money judgment for the value of property wrongfully levied on may
   not also recover for the loss of the *use* of the property.

EXEMPTIONS: Property Exempt—Estoppel.  A debtor who makes a
2  selection of exempt property in compliance with a proper demand
   therefor by the levying officer may not, after the officer has acted
   thereon, change such selection.

Headnote 1:   23 C. J. p. 979 (Anno.)   Headnote 2:   25 C. J. p. 133 (Anno.)

Headnote 1:   10 R. C. L. 1379.   Headnote 2:   11 R. C. L. 549.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

MAY 11, 1926.

REHEARING DENIED SEPTEMBER 24, 1926.

Action against the defendant for damages for wrongful levy on an automobile claimed to be exempt from execution. From a judgment in favor of the plaintiff, the defendant appeals.—
*Reversed.*

*Underhill & Miller,* for appellant.

*Prichard & Prichard,* for appellee.

ALBERT, J.—One Junger obtained a judgment in the Monona County district court against the appellee, Wertz. Execution was issued on this judgment, and levy was made on the 19th day of November, 1923, on certain property not involved herein. On December 14th following, certain other personal property was

levied upon, under the same execution. At the time of the making of this levy, the officer called upon Wertz to select his exemptions, and he selected a certain team of horses from among several head of horses then in his possession, and a wagon and harness, as his exempt property. The property not thus selected as exempt was on that date levied upon by the deputy sheriff.

On the 15th of December, by virtue of the same execution, the officer levied on the Ford automobile which is the subject of this controversy. On the 18th of December, notice was served upon appellant, demanding the release of said automobile, claiming the same as exempt from execution. It was not released, and on the 11th of January, 1924, this action was commenced against the officer, to recover damages for levying the execution on exempt property. On the trial, the jury found for appellee, and assessed the value of the car at $175, and also allowed $325 for the use of the car.

Appellant insists that it was error for the court to submit to the jury the question of the value of the use of the car. Appellee responds by saying that such is the rule announced in the cases of this character, and cites *Cook v. Hamilton*, 67 Iowa 394; *Hartley State Bank v. McCorkell*, 91 Iowa 660. He seems, however, to have overlooked the fact that both of these cases were overruled in *Becker & Degen v. Staab,* 114 Iowa 319, and *Powers v. Benson*, 120 Iowa 428, where the rule is announced that, in cases of this character, where the plaintiff takes a money judgment, he is limited to the value of the car plus 6 per cent interest, and is not entitled to anything for the loss of the use of the car.

1. EXECUTION:
   levy: wrongful
   levy: damages.

As noted above, there were three levies made under the one execution. It is undisputed in the record that, at the time of the making of the second levy, appellee, at the request of the officer, selected a team, wagon, and harness as his exempt property, and on the next day, under the same execution, the sheriff levied on the automobile. Assuming that the record shows facts from which it could be held that, under proper circumstances, the automobile was a vehicle, within the meaning of the exemption statute, the appellant pleaded and proved that, at the time the levy was made, the appellee had been called upon, the day before, to select his exemptions, and he selected the team, wagon, and harness.

2. EXEMPTIONS:
   property exempt: estoppel.

Having so done, appellee cannot play fast and loose with the officer by attempting to switch exemptions, as attempted in this case. No authority is cited by either party on this proposition, and there is little to be found. However, the case of *Rivet v. Murrell Plant. & Mfg. Co.,* 121 La. 201 (126 Am. St. 320), lays down the rule that, having made a selection in the same proceeding, one is by such selection estopped from subsequently claiming other and different property from that which was selected. We said in *Parker v. Haley,* 60 Iowa 325, that, when a debtor makes his selection, it is the duty of the officer to respect said selection. That is exactly what the officer did in this case. It does not lie now in the mouth of the debtor to claim that this automobile was exempt, under these circumstances. Appellant having pleaded this defense of estoppel and proven it on the trial, the motion to direct a verdict in favor of appellant, filed at the close of all the testimony, should have been sustained.

The errors pointed out necessitate a reversal of the case.— *Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.