NEIL HARLAN, appellee, v. HERMAN MENNENGA, defendant, and
O'DEA FINANCE COMPANY, appellant.

## No. 47518.

(Reported in 40 N.W. 2d 48)

DECEMBER 13, 1949.

James E. Coonley, of Hampton, and Hextell, Mitchell &
Beving, of Des Moines, for appellant.

Uhlenhopp & Uhlenhopp, of Hampton, for appellee.

MANTZ, J.—Action in replevin wherein plaintiff seeks to ob-
tain possession of certain specific articles of personal property or

for the value thereof if same cannot be found, and damages for the wrongful detention thereof. No bond was filed by plaintiff as provided in chapter 643, Code of 1946. The petition was filed April 16, 1948. The action was against Herman Mennenga and the O'Dea Finance Company of Des Moines, Iowa. The finance company appeared and resisted the claim made by plaintiff, denying specifically various allegations of the petition. It also interposed a cross-petition wherein it asked affirmative relief. The jury was waived, the case tried to the court and a finding and judgment were rendered in favor of plaintiff and against the O'Dea Finance Company. The plaintiff elected to accept the judgment fixing the value of the property as of November 15, 1948, and the damages awarded for its wrongful detention. The O'Dea Finance Company appealed.

I. On December 26, 1946, Herman Mennenga, a resident of Hampton, Franklin County, Iowa, purchased from the Hawn Motor Company of Waterloo, Iowa, a used Chevrolet truck and gave to the seller a conditional sales contract covering said truck, together with all additions and substitutions placed thereon. The consideration expressed was $499.50—balance to be paid. This instrument was recorded December 30, 1946. Said Mennenga, on November 3, 1947, gave to said Hawn Motor Company a chattel mortgage on said truck, together with all additions and substitutions. The consideration recited was $487.80. This instrument was recorded November 5, 1947. Both of these instruments were assigned with recourse to the O'Dea Finance Company, and in these instruments it was provided that if the owner of the truck failed to make the payments provided therein or violated the terms thereof, the O'Dea Finance Company, acting for itself or the Hawn Motor Company, could repossess said truck and dispose of the same.

In 1946, appellee was operating a lime pit near Hampton, Iowa, and sales were made of its products to various farmers to be spread upon their fields. Appellee hired Mennenga to haul lime and it was agreed that appellee was to have one third and Mennenga two thirds of the gross profits. This arrangement continued from about the time Mennenga secured the truck until March 18, 1948, when the truck was repossessed and delivered to the Hawn Motor Company.

In order to enable him to carry on the hauling Mennenga obtained a lime box from appellee and attached it to the truck; also, various parts such as truck tires, engine head and valves, rear-end assembly, battery and spare wheel, which were added to the truck equipment. The lime box was secondhand and cost appellee $300. Some of these additions were on the truck when same was repossessed.

Appellee claimed that these added articles were loaned by him to Mennenga and that they were his property when the truck was repossessed. It was the claim of appellant that these added parts were the property of Mennenga, and further, that under the conditional sales contract and chattel mortgage they became a part of the truck equipment.

The court found adversely to appellant's claim and adjudged certain of said parts belonged to appellee and fixed the value thereof; also awarded damage for the unlawful detention of the lime box. This last was for the loss of use of the lime box from March 18, 1948, to November 15, 1948, a period of almost eight months.

We have examined the record and are of the opinion that the evidence supports the court's finding that appellee loaned to Mennenga the various designated articles which were placed on the Mennenga truck and that such articles were his property when the truck was repossessed.

II. From the findings of fact which became a part of the judgment we quote paragraph 9, as follows:

"The court finds the value of said equipment and parts, at the time they were repossessed by the defendant finance company on March 18, 1948, was as follows:

1. The lime box.............................................................$500.00
2. Three tires and tubes for the Mennenga truck  165.00
3. The head and valves for the engine in the Mennenga truck ............................................................  29.00
4. The rear-end assembly consisting of the torque and tube, ring gear and pinion, two knuckles and two drive shafts...............................................  100.00

Total   $794.00

"The court finds the value of the above equipment and parts

on November 15, being the time the trial was concluded, to be as follows:

1. Lime box .................................................................$100.00
2. Three tires and tubes............................................. 145.00
3. Head & valves for the engine of the truck........ 29.00
4. Rear-end assembly above described................... 100.00

Total   $374.00."

While there might be some question as to the propriety of some of such allowances, still appellant does not raise it on appeal.

The court in its findings and judgment stated that the plaintiff was entitled to elect:

"(1) To take judgment against the defendant finance company for the value of the above equipment on March 18, 1948, as above found, in the sum of $794.00, with interest from that date to November 15, 1948, at the rate of five per cent per annum, or

"(2) To the immediate possession of said equipment and judgment for damages for the loss of use of said property from March 18, 1948, to November 15, 1948, in the sum of $700.00, as above found, or

"(3) To take judgment for the value of said equipment on November 15, 1948, in the amount of $374.00, and for the further sum of $700.00 for the loss of use of said equipment, as above found for the said time, making a total of $1074.00. * * * Plaintiff shall, within five days from the filing of this ruling, file his election in writing, and then prepare a judgment accordingly, the judgment for damages to draw interest from November 15, 1948."

It will be noted that the court in ground (1) made no provision for the immediate possession of the lime box and other articles—simply gave appellee the option of taking judgment for the value thereof.

On December 13, 1948, plaintiff's election was filed as follows:

"Pursuant to the Findings, Conclusions and Order for Decree of the Court filed on December 10, 1948, plaintiff hereby elects to take judgment against defendant O'Dea Finance Company for the value on November 15, 1948, of the lime box, three

tires and tubes, head and valves, and rear end assembly, in the amount of $374.00, and for the wrongful detention of said equipment in the further sum of $700.00, making a total of $1074.00; and against Herman Mennenga for the value on November 15, 1948, of the battery, in the amount of $3.75."

On December 21, 1948, the court ruled on three motions made by appellant at the close of the evidence. The motions were: (1) To withdraw the question of loss of use of all parts except the lime box (2) to withdraw a question of loss of use for damages to the lime box, and (3) to withdraw the claim for exemplary damages.

The court ruled in favor of the first and third of said motions and adversely on the second—the question of damages for the loss of use of the lime box.

Appellant's specific claim is that the court erred in not sustaining ground (2) of his motion as hereinbefore set out and that the court should have allowed nothing for the claim of loss of use of the lime box. In short, appellant's claim is that in case the court found that the property belonged to appellee, the most that the court could allow was its value when taken, with interest. We think that there is merit to appellant's claim.

In his petition appellee described the personal property, his ownership thereof, their values when taken, and asked for a money judgment in case said articles could not be found. We will set forth and refer to certain authorities which we think deal with the issues such as are here present.

The case of Powers v. Benson, 120 Iowa 428, 431, 94 N.W. 929, 930, was a replevin action for the recovery of certain specific property. A writ issued and the property was delivered to plaintiff. The jury verdict was for the value of the property and damages for detention. After the verdict, the winning party (defendant) elected to take a money judgment for the value of the property and the detention damages. This was granted and the appeal involved the question of the right of the court to award judgment for the value of the property and detention damages. This court, after referring to various cases, such as Cook v. Hamilton, 67 Iowa 394, 25 N.W. 676, Turner v. Younker, 76 Iowa 258, 41 N.W. 10, McIntire v. Eastman, 76 Iowa 455, 41 N.W. 162, and Hartley State Bank v. McCorkell, 91 Iowa 660, 60 N.W. 197,

called attention to the fact that the rules for damages therein set forth had not been followed in Becker v. Staab, 114 Iowa 319, 86 N.W. 305, and concluded by saying: "We are disposed to adhere to the conclusion reached in Becker v. Staab, so far as it announces a general rule, and to overrule prior cases inconsistent therewith." In that case this court considered the right of defendant to file a written remittitur of all in excess of the value of the property, plus six per cent since it was taken. See also Lowrey v. Schroeder, 190 Iowa 459, 180 N.W. 145, where the rule was announced.

The case of Becker v. Staab, supra, seems to be one of the leading Iowa cases in which the question of the measure of damages in replevin cases was discussed. In that case certain cattle were replevined. The jury fixed the value of the cattle when taken and certain damages growing out of their unlawful taking. There was an appeal and the case was reversed. The court held that where a money judgment is taken in lieu of the property there can be no allowance for damages for such detention. After discussing various cases the court announced the proper rule to be that where a defendant elected to take a money judgment, he was entitled, in the matter of damages, to interest thereon from the date the cattle were taken up to the date of judgment at six per cent, *and to nothing more*. See also 96 A.L.R. 138 and 6 A.L.R. 481; 46 Am. Jur., Replevin, section 148, page 80.

The case of Wertz v. Hale, 202 Iowa 305, 208 N.W. 859, was a suit for damages for a wrongful levy on an automobile. A jury found the value of the car was $175 and also allowed $325 for the use of the car. The appeal involved the allowance for such use. This court followed the rule laid down in Becker v. Staab, supra, and Powers v. Benson, supra, which cases announced the rule that where a plaintiff elected to take a money judgment he was limited to the value of the car at six per cent interest and was not entitled to anything for the loss of the use of the car.

The case of Meredith v. Lochrie, 126 Iowa 596, 102 N.W. 502, was a replevin action to recover possession of horses. Therein the court stated that the value of the horses at the time they were taken was proven, in which event they would not be entitled to recover for the use.

The case of Richards v. Hellen & Son, 153 Iowa 66, 133 N.W.

393, was an action in replevin. One of the questions involved was the matter of damages. There was a delivery bond given and the other party obtained a judgment on the bond for the value of the property and the claim was made that the plaintiff was not entitled to the value of the property at the time of the bringing of the action. The Code sections there quoted are the same as are now found in chapter 643, Code of 1946. In the opinion the court cited the case of Sheffield v. Hanna, 136 Iowa 579, 114 N.W. 24, wherein it was held that a plaintiff in replevin is entitled to a judgment for the value of the property at the time it was taken, or at least from the date when the suit to recover was commenced, and referred to Colean Implement Co. v. Strong, 126 Iowa 598, 102 N.W. 506, Powers v. Benson, supra, and Newberry v. Gibson, 125 Iowa 575, 101 N.W. 428.

In the cited case (Richards v. Hellen & Son) it was said that there would be no difference if judgment was rendered on the delivery bond. In the Sheffield case, Chief Justice Weaver makes a clear statement as to the damages to be allowed the successful party in a replevin action. Among the cases cited was that of Becker v. Staab, supra. In the Sheffield case the court, speaking of the option which the winning party might exercise, said at page 588 of 136 Iowa, page 27 of 114 N.W.: "It would seem to follow that if a party is entitled then to exercise an option and take judgment of the value of the property as of the date when it was taken, he should also be allowed, if he demands it, interest from that time to the date of the judgment entry." See language of the court in Blaul & Sons v. Wandel, 137 Iowa 301, at pages 306 and 307, 114 N.W. 899.

In this case, almost all of the evidence offered by appellee went to his claim of ownership in the property, its value when taken and his claim of damages for the loss of the use of the lime box. He concedes appellant had a right to take the truck under the instruments held by him. His claim when analyzed simply shows that he preferred to speculate upon the court's finding and then to avail himself of an excessive claim for the loss of the use of the lime box. We think the court erred in a finding which permitted such result to ensue and such a verdict should not be allowed to stand. We hold that the court erred in not sustaining

ground (2) of appellant's motion to dismiss—the loss of use of the lime box.

III. Appellant claimed that another error of the court was its conclusion that appellant was in possession of the property involved both at the time of the taking and at the trial.

■ In an action of replevin the issue is as to the right of possession, and one asserting such right has the burden of so showing. In the case of Campbell v. Williams, 39 Iowa 646, 648, this court said: "In replevin the question is, who was entitled to the possession of the property when the action was begun", citing Cassel v. Western Stage Co., 12 Iowa 47, and Kingsbury v. Buchanan, 11 Iowa 387. See also Hilman v. Brigham, 117 Iowa 70, 90 N.W. 491; Richards v. Hellen & Son, supra; Carr v. King & Tomlinson, 184 Iowa 734, 169 N.W. 133.

Appellant's contention is that the record shows it did not take the property and has not had possession of it. This contention is without merit. Statements in defendant's answer demonstrate this:

"This defendant further states that it is now in possession under the terms of said conditional sales contract * * * and this defendant has no other items or articles, parts or accessories, except the component parts of said motor vehicle * * * and that if this plaintiff caused or permitted any parts or accessories belonging to the plaintiff to be placed on * * * said motor vehicle * * * plaintiff is estopped from now claiming ownership."

Witness Pat O'Hara, a representative of appellant-company, went to see Mennenga several times about his delinquent payments. He stated that it was his business as such representative to check the payments on the instruments held by the appellant on the Mennenga truck. O'Hara, on March 18, 1948, went to the Mennenga home in Hampton for the purpose of repossessing the truck. It was in Mennenga's possession in his yard. O'Hara testified that he told Mennenga that he would have to have the truck and that Mennenga said, " 'There she is, you can take her, but she's no good.' " O'Hara states that he got a rope and towed it to Mason City and put it on a used car lot. He claims from that time on the truck was turned over to and was in the possession of the Hawn Motor Company of Waterloo. There exists in the rec-

ord a dispute as to who was in possession of the truck at the time the suit was brought. The Hawn Motor Company did not appear in the suit by intervention or otherwise. When the case was tried at Hampton, appellant produced the truck and offered it for inspection. It was brought there from the junk yard of the Jones Motor Salvage Company in Waterloo. In the trial the appellant offered to turn over to appellee the parts in dispute if the court found that appellee was the owner thereof. The record shows that at the time and before the truck was repossessed one Kriz was a representative of appellant in Mason City, and that shortly after the truck was repossessed appellee called him by phone and offered to meet the balance due on said truck. We set out part of his testimony bearing on that point:

"Q. You talked to Mr. Kriz, you say, a day or so after the repossession of the truck, you called him up? A. Yes, I did. Q. You wanted to buy it back? A. I asked him where the truck was then. Q. What did he tell you about where it was? A. He didn't say; he said that it was some place between Mason City and Waterloo. Q. How much did you offer him for the truck? A. I offered him whatever was against the truck. Q. Did he say how much that was? A. No, but as I had understood it was some place close to $280.00. I hadn't checked into it. I was just trying to find out. Q. He told you at that time that the truck wasn't worth anything? A. He just laughed and said I wouldn't want it, it wasn't worth much. Q. That is what he told you wasn't it? A. Yes."

There was other evidence offered on the question of possession of the property at the time of the replevin.

The dispute was on the facts, and we are not prepared to say that the court's ruling that appellant repossessed the truck and had it in its possession when the suit was instituted is without substantial support. We agree with the trial court in such particular.

We hold that the trial court erred in entering judgment in favor of appellee for the value of the personal property on November 15, 1948, for the sum of $374 and the loss of use of the lime box at $700. We hold that appellee was entitled to recover for the value of the property taken on March 18, 1948—$794—with five per cent interest thereon from that date; and nothing for

the loss of the use of the lime box. This holding is based upon the record in this particular case. We do not, by such holding, suggest or imply that under particular facts and circumstances the owner of property taken may not recover for the loss of its use in addition to the value thereof.

It is ordered that so modified the case is affirmed with direction to the trial court to enter judgment in conformity with this opinion.—Modified and affirmed.

HAYS, C.J., and HALE, OLIVER, GARFIELD, MULRONEY, WEN-NERSTRUM, and BLISS, JJ., concur.